**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 26 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> JOSEPH EDWARD CAMARGO, <br><br> Defendant-Appellant. | No. 15-10588 <br> 17-10313 <br><br> D.C. No. <br> 4:11-cr-04021-RCC-DTF-1 <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, Chief Judge, Presiding

Submitted September 14, 2018[**]
San Francisco, California

Before: RAWLINSON, WATFORD, and FRIEDLAND, Circuit Judges.

Joseph Camargo appeals his convictions and 65-year sentence on charges of

second degree murder, assault, discharge of a firearm during a crime of violence,

and possession of ammunition by a felon. We affirm Camargo's convictions,

vacate his sentence, and remand.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**1.** The district court did not abuse its discretion in denying Camargo's motion for a new trial based on new evidence regarding an FBI investigation of an evidence custodian. *See United States v. Hinkson*, 585 F.3d 1247, 1259 (9th Cir. 2009) (en banc). To be entitled to a new trial, the moving party must show that "(1) the evidence is newly discovered; (2) the defendant was diligent in seeking the evidence; (3) the evidence is material to the issues at trial; (4) the evidence is not (a) cumulative or (b) merely impeaching; and (5) the evidence indicates the defendant would probably be acquitted in a new trial." *Id.* at 1264. The last two requirements are not satisfied here.

The new evidence seems to have been "merely impeaching." The evidence would have merely undermined the credibility of Isabel Quintero's trial testimony, given that there is no evidence that she tampered in any way with the evidence in Camargo's case. And the Government did not rely on Quintero's testimony anyway. *Cf. United States v. Davis*, 960 F.2d 820, 825-26 (9th Cir. 1992) (assuming some impeachment evidence may make a witness's testimony so incredible that it renders the testimony worthless, then asking whether there was any other evidence to support the elements of the charged offense).

Even if the new evidence were more than merely impeaching, it does not show that Camargo would probably have been acquitted in a new trial. Quintero's testimony about the chain of custody helped Camargo, and correspondingly hurt

the Government, because it was inconsistent with the testimony from the case agent. Camargo benefited from Quintero's credibility and would have suffered from the lack of credibility suggested by the investigation.

**2.** Nor did the district court plainly err or abuse its discretion in not striking the testimony of a detective who testified inconsistently between Camargo's first and second trials.[1] The parties agree that Detective Alfred Woods testified inconsistently between the two trials. The usual way to deal with inconsistent testimony by a witness is through impeachment, not through striking the testimony altogether. The "district court was not obligated to decide the credibility question and strike [Woods's] testimony, because the determination of credibility is for the jury." *United States v. Zuno-Arce*, 44 F.3d 1420, 1423 (9th Cir. 1995).

**3.** While we affirm Camargo's convictions, we vacate his sentence and remand for reconsideration in light of *Dean v. United States*, 137 S. Ct. 1170 (2017). It appears the district court may not have understood its discretion under 28 U.S.C. "§ 3553(a) and the related provisions to consider [the mandatory

---

[1] It appears that Camargo did not move to strike this testimony in the district court and that our review is accordingly for plain error. *See* Fed. R. Evid. 103; *United States v. Hayat*, 710 F.3d 875, 893 (9th Cir. 2013); *see also United States v. Murguia-Rodriguez*, 815 F.3d 566, 574-75 (9th Cir. 2016) (holding that we are not bound to accept the government's incorrect concession regarding the standard of review). Even assuming abuse of discretion review applies, however, the district court did not abuse its discretion in admitting the testimony.

minimum] sentence imposed under the [use of a firearm statute] when calculating a just sentence for the predicate count," as clarified by the later *Dean* decision. *Id.* at 1176-77. In such circumstances, we will vacate the sentence and remand for reconsideration. *See United States v. Thomas*, 856 F.3d 624 (9th Cir. 2017), *cert. denied*, 138 S. Ct. 146 (2017).

**AFFIRMED in part, VACATED in part, and REMANDED.**